PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JAMES ANTHONY ADAMS,

      Plaintiff,

-v-                                        21-CV-6298 CJS
                                             ORDER

DEPUTY CORPORAL WHITEHAIR,

      Defendants.

───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff, James Anthony Adams, an inmate at the Attica Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. Docket Item 1 ("Complaint"). Plaintiff alleged that, during a prior incarceration at the Monroe County Jail, Defendant used excessive force against him. Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Complaint was dismissed with leave to replead. Docket Item 3.

Before the Court is Plaintiff's Amended Complaint. Docket Item 8 ("Amended Complaint"). For the reasons below, some claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), while some claims will proceed to service.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), this Court must screen this Amended Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer

1

or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

## I. The Amended Complaint

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## II. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself

2

creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### III.   Plaintiff's Allegations

The allegations of the Amended Complaint are presumed true at this stage of the proceedings and tell the following story. Plaintiff alleges that, on August 12, 2020, at the Monroe County Jail, Defendant Whitehair "came inside of my cell [and] started punching me multiple times [in] my face [then] slam[m]ed me on the bed [and] continue[d] punching me [in] while I was screaming for help." Amended Complaint at 4. Plaintiff had been locked in his cell laying down when the alleged assault began and suffered a "busted lip and pain in my jaw, busted nose, back of head pain and back pains." *Id*. at 6. Plaintiff was seen by medical personnel and placed on observation but did not receive "real

medical attention." *Id.* Plaintiff brings claims of excessive use of force and failure to protect in violation of the Eighth Amendment. *Id.* at 3.

## IV. Analysis

### A. Excessive Force Claims

The standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992). According to *Hudson*, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violations. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury." *Id.* The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation marks and citations omitted). The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Id.* at 6-7. "Punishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.' " *Id.* at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

Plaintiff's allegations that Defendant punched him repeatedly as he lay on his bed, breaking Plaintiff's nose and causing other injuries, are sufficient at this early stage to warrant service and an answer regarding excessive use of force.

4

### B. Claims of Failure to Protect

Plaintiff alleges further that Corporal Whitehair failed to protect Plaintiff from danger. The Court views this complaint as alleging a claim under the Eighth Amendment, which requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The assessment of whether the measures taken are reasonable turns on an analysis of two factors. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, the officials must be shown to have demonstrated a deliberate indifference to the inmate's safety. *Id.* Deliberate indifference must be measured subjectively, that is,

> a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to [the] inmate['s] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Prison officials can be held liable under 42 U.S.C. § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence. *See Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

However, the essence of a failure to protect claim is an allegation that a defendant failed to protect a plaintiff from the actions of other law enforcement personnel. Plaintiff "fails to allege the personal involvement of an individual defendant under circumstances showing a failure to intervene/protect his constitutional rights from infringement by *other* law enforcement officers." *Brooks v. County of Nassau*, 54 F. Supp. 3d 254, 260 (E.D.N.Y. 2014) (emphasis supplied). Plaintiff's Eighth Amendment allegations are therefore best understood as an excessive force claim, and he has not plausibly alleged

5

that Defendant failed to protect Plaintiff from the actions of others and Plaintiff's failure to protect claim is dismissed with prejudice.

### ORDER

IT HEREBY IS ORDERED that Plaintiff's failure to protect claim is dismissed with prejudice for failure to state a claim on which relief may be granted;

FURTHER, that the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the Summons, Amended Complaint and this Order upon Defendant without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g), the served Defendant is directed to respond to the Complaint.

SO ORDERED.

_____
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE

DATED: August 2021, 2021
Rochester, NY